UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARRELL CARUSO, ET AL.                                    CIVIL ACTION

VERSUS                                                    NO: 06-10569

MARK JACKSON, ET AL.                                      SECTION: "A" (3)

**ORDER AND REASONS**

Before the Court is a **Motion for Partial Summary Judgment (Rec. Doc. 20)** filed by plaintiffs Darrell J. Caruso and Mary Jo Caruso.  Defendants, Sheriff Jack Stephens and Mark Jackson, oppose the motion.  The motion, set for hearing on March 5, 2008, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **DENIED**.

**I.     BACKGROUND**

The instant matter arises out of plaintiff Darrell Caruso's arrest on November 27, 2005 by Sergeant Mark Jackson of the St. Bernard Parish Sheriff's Office.  Caruso was charged with theft of a 24 foot Triton fiberglass boat with a value of over $50,000.00 and possession of stolen property.

The facts leading to the arrest are alleged as follows.  In the wake of Hurricane Katrina, Caruso took part in rescue operations in St. Bernard Parish, during the course of which he found a

boat with an outboard motor sinking in the woods. (Compl. ¶ III-IV). Because Plaintiff's boat was not large enough and might have sunk, Caruso explains that he used the boat he found to take people to shelters located at St. Bernard High School. (*Id.* at ¶ V). Caruso continued his rescue efforts until Friday, September 2, 2005, at which time he brought the boat to the "yard of Mary Jo Caruso located at 2825 Bayou Road,"[1] where it stayed for three months. (*Id.* at ¶ VI).

On November 26, 2005, Mr. Charles Thomason saw his boat and motor located within a fenced yard owned by Mr. Caruso. (Def. Mem. in Opp. p. 1). Mr. Thomason advised Plaintiff that the vessel and the motor belonged to him. (*Id.*; Compl. ¶ VII). Plaintiff alleges that he told Thomason to return with paperwork proving his ownership, at which time he would turn the boat over to him. (Compl. ¶ VIII). According to Thomason, Caruso told him to come back the following morning for the vessel. (Def. Mem. in Opp. p. 1). Thomason contacted the Sheriff's Office regarding finding his boat on Caruso's property. (*Id.*) When the officers arrived, Mr. Caruso was not present, and the deputies observed that Thomason's boat and motor were intact. (*Id.* at p. 2). Thomason decided to wait until the next morning when Caruso would be present to retrieve his boat. (*Id.*)

At some time in the interim, Plaintiff removed the outboard motor from the boat, allegedly for safekeeping. (Compl. ¶ IX). When Thomason arrived at Caruso's property to retrieve his boat

---

[1]The Complaint labels the property in which the boat was located as "the yard of Mary Jo Caruso." According to the Incident Report, Darrell Caruso's address is 2800 Bayou Road. (Def. Exh. 1). The Report corroborates Plaintiffs' allegation that the boat was located at 2825 Bayou Road. (*Id.*) The application for the search warrant describes Mr. Caruso as the "owner of the property" at 2825 Bayou Road. (*Id.*) The Court further notes that Mary Jo Caruso is the wife of Darrell Caruso. (*Id.*) However, Mr. Caruso does not deny that the boat was located on "his property" for months following the hurricane.

and motor, Mr. Caruso was not present, and Thomason observed that the motor had been removed. (Def. Mem. in Opp. p. 2) (citing Def. Exh. 1, St. Bernard Parish Sheriff's Office Report "Narrative Section"). Thomason contacted Deputy Desselles regarding the theft of his boat and motor. *Id.* (citing Def. Exh. 1). According to Defendants, Deputy Desselles and Corporal C. Borne arrived at Plaintiff's property, where they observed over the locked fence that the motor had been removed from the boat. (*Id.*) (citing Def. Exh. 1). Desselles called Detective Jackson to the scene, and Jackson interviewed Thomason. (*Id.*) (citing Def. Exh. 1).

Defendants contend that Thomason wanted to press charges for the theft and possession of his boat and motor. (*Id.*) (citing Def. Exh. 2, Depo. of Det. Mark Jackson, p. 26). Thomason urged that his boat was stolen. (*Id.*) (citing Def. Exh. 2, p. 28).

Jackson prepared a search warrant for Plaintiff's residence, which was signed by Judge Cresap. (*Id.*) (citing Def. Exh. 1). As Jackson and another detective executed the search warrant, they observed the 24 foot Triton fiberglass boat, noting the fact that the wire harness was cut and the motor was missing. (*Id.* at p. 3) (citing Def. Exh. 1).

Jackson contacted Plaintiff by cell phone and advised Plaintiff that he was conducting an investigation about a stolen motor. (*Id.*) (citing Def. Exh. 1). At that time, Jackson advised Plaintiff of his rights. (*Id.*) (citing Def. Exh. 1). Plaintiff admitted that he removed the motor from the boat and explained that he had the motor in Mississippi. (*Id.*) (citing Def. Exh. 1). According to Jackson, he advised Plaintiff to bring the motor back to his residence. (*Id.*) (citing Def. Exh. 1).

The Narrative Section of the Sheriff's Report states that Plaintiff and his wife Mary Jo "showed up" at their residence on November 27, 2005. (*Id.*) (citing Def. Exh. 1). Although Plaintiff

3

returned with the motor, he failed to bring the rest of the property removed from the boat, namely the Lorance and GPS system. (*Id.*) (citing Def. Exh. 1). At that time, Jackson advised Plaintiff that he was under arrest. Darrell Caruso was charged with violating La. R.S. 14:67 and 14:69, theft of property with a value over $500 and possession of stolen property, respectively.[2] (Compl. ¶ X). Darrell Caruso was incarcerated in St. Bernard Parish Prison on November 27, 2005 and in Orleans Parish Prison from November 28, 2005 to December 15, 2005. (*Id.* at ¶ XI).

At a preliminary examination hearing held in the 34th Judicial District Court for the Parish of St. Bernard on February 14, 2006, the Court found probable cause for the theft of the motor, GPS, and Lorance. (Def. Mem. in Opp. p. 4) (citing Def. Exh. 3). The District Attorney for St. Bernard Parish declined to prosecute Plaintiffs[3], and ultimately the charges were dropped. (Compl. ¶ XII). Plaintiffs contend that no arrest warrant was issued for the arrest of either plaintiff, and they argue that no probable cause for the arrest of either plaintiff was ever put forth. (*Id.* at ¶ XIII-XIV).

As a result, Darrell and Mary Jo Caruso brought the instant action, both alleging to have suffered the following damages: false arrest, false imprisonment, defamation, violation of civil rights under the Fourteenth Amendment of the United States Constitution. (*Id.* at ¶ XV).

Plaintiffs move for partial summary judgment adjudging that Defendants falsely arrested and

---

[2]The St. Bernard Parish Sheriffs Office reports that Mr. Caruso was charged with violations of La. R.S. § 14:67 relative to theft over $50,000 and La. R.S. § 14:69 relative to possession of stolen property over $50,000. (Def. Exh. 1).

[3]Although not at issue in the instant motion, Jackson arrested plaintiff Mary Jo Caruso on November 27, 2005, without an arrest warrant, on the charge of disturbing the peace. (Pla. Mem. in Supp. p. 2; Def. Exh. 1). She was held for approximately four hours. (Compl. ¶ XI). This charge was later dropped by the District Attorney for St. Bernard Parish. (Pla. Mem. in Supp. p. 2-3).

4

falsely imprisoned Darrell Caruso based on a charge of theft for which no probable cause existed. Specifically, Plaintiffs emphasize the fact that the charge was dismissed on June 20, 2006. (Pla. Mem. in Supp. p. 4).

Defendants oppose the motion, on the grounds that genuine issues of material fact exist as to whether or not defendant Mark Jackson had probable cause to arrest plaintiff Darrell Caruso.

## II.   DISCUSSION

### A.   *The Parties' Contentions*

Plaintiffs argues that Defendants falsely arrested and falsely imprisoned Plaintiff Darrell J. Caruso based on a charge of theft of over $50,000.00 for which no probable cause existed. (Pla. Mem. in Supp. p. 4). In support, Plaintiffs note that Jackson arrested Caruso without a warrant. (*Id.* at p. 3). Moreover, the 34th Judicial District Court for the Parish of St. Bernard found that there was no probable cause for theft of the boat. (*Id.*) According to Plaintiffs, the charge for theft of the boat resulted in the original charge being theft over $50,000.00, and the bond of $200,000.00 on this charge could not be posted by Plaintiff. (*Id.*) Consequently, Mr. Caruso "was forced to languish in post-Katrina Orleans Parish Prison for 18 days" and one day in the St. Bernard jail house. (*Id.*) When the bond was reduced to $65,000.00, Plaintiff posted bond on December 15, 2005. (*Id.*) Plaintiffs contend that had the charge been theft of under $500.00, rather than theft over $50,000.00, Mr. Caruso "would not have spent one night in jail as any bond which might have been set . . . would easily have been posted." (*Id.* at p. 3-4).

Conversely, Defendants assert that Detective Jackson had probable cause to arrest Mr. Caruso, therefore defeating Plaintiffs' claims for false arrest and false imprisonment. (Def. Mem.

5

in Opp. p. 5).  According to Defendants, Detective Jackson had probable cause to arrest Darrell Caruso based on the totality of the circumstances.  In support, Defendants contend that Caruso gave conflicting stories regarding how he came to be in possession of Thomason's boat.  (*Id.* at p. 6).  For instance, Defendants allege that Plaintiff initially claimed the boat floated on his property; later, he "changed his story," stating that he found the boat and used it in rescues.  (*Id.* at p. 6-7) (citing Def. Exh. 2, p. 13, 18).  In addition, Mr. Caruso "made no effort to notify" the Sheriff's Office or the Wildlife and Fisheries to report the boat in his yard so that the rightful owner could be notified.  (*Id.* at p. 7) (citing Def. Exh. 2, p. 17).  Moreover, Caruso failed to immediately turn over the boat to Mr. Thomason and instead removed the motor from the boat and took it to Mississippi, after being advised by Mr. Thomason that the boat and motor belonged to him.  (*Id.*)  Defendants emphasize that the boat's rightful owner wanted to press charges against Plaintiff, for theft and possession of his boat and motor.  (*Id.*) (citing Def. Exh. 2, p. 26).  Consequently, Defendants aver that based on the totality of the circumstances, Jackson had probable cause to arrest Plaintiff for theft and possession of stolen property, and that "[a]t the very least," genuine issues of material fact exist as to whether he had probable cause to arrest.

### *B.*     *Law and Analysis*

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249-50, 106 S.Ct. 2205, 91 L.Ed.2d 202 (1986)).  A dispute about a material fact

is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The Court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

To prevail in a claim for false arrest, a plaintiff must show that he was arrested without probable cause in violation of the Fourth Amendment. *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007) (citing *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001)).

It is undisputed that Caruso was arrested without a warrant. A warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed. *Devenpeck v. Alford*, 543 U.S. 146, 152, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004).

Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001) (quoting *Spiller v. Texas City*, 130 F.3d 162, 165 (5th Cir. 1997)). The probable cause

7

standard is incapable of precise definition or quantification into percentages because it deals with probabilities and depends on the totality of the circumstances. *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003) (citing *Illinois v. Gates*, 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). "The substance of all the definitions of probable cause is a reasonable ground for belief of guilt." *Id*.

To determine whether an officer had probable cause to arrest an individual, the Court examines the events leading up to the arrest and decides "whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to" probable cause. *Id.* (quoting *Ornelas v. United States*, 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)).

Mr. Caruso was arrested and charged with violations of Louisiana Revised Statutes §§ 67 and 69. Section 67 provides in pertinent part:

> A. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
> B. (1) Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both. . . .

La. Rev. Stat. § 67. In addition, Plaintiff was charged with violation of Section 69, which reads as follows:

> A. Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.
> B. (1) Whoever commits the crime of illegal possession of stolen things, when the

8

> value of the thing is five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.

La. Rev. Stat. § 69.

The issue before the Court today is whether the arresting officers had probable cause to arrest Darrell Caruso. Plaintiffs' argument that Jackson lacked probable cause rests upon two grounds: (1) Mr. Caruso was arrested without a warrant and (2) the state court found that there was no probable cause for theft of the boat.

The Fifth Circuit addressed Plaintiffs' second argument in *Mendenhall v. Riser*, where the plaintiff similarly pointed to a preliminary examination by the state court judge in an effort to demonstrate a purported lack of probable cause. 213 F.3d 226, 231 (5th Cir. 2000). Although the Court recognized that the state judge failed to find probable cause at the preliminary examination hearing, the Fifth Circuit "reject[ed] the notion that this finding bears any relevance to our task . . ." *Id.* "The law charges us with determining the reasonableness of the action taken in light of the cause that existed *at the time of arrest*. *Id.* (citing *Hunter v. Bryant*, 502 U.S. 224, 228, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991)) (emphasis added by the Fifth Circuit).

Plaintiffs have offered no evidence to establish as a matter of law that no reasonable officer could have believed probable cause existed to arrest Mr. Caruso on charges of theft over $50,000 and possession of stolen property over $50,000. After reviewing the evidence submitted by Plaintiffs, the Court is not persuaded that Plaintiffs are entitled to judgment as a matter of law on the facts presented.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 20)** filed by plaintiffs Darrell J. Caruso and Mary Jo Caruso is **DENIED.**

March 26, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE